UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re<br><br>TAKISHA R. SHEALEY,<br><br>    Debtor | Case No. 16-81391-WRS<br>Chapter 13 |
| TAKISHA R. SHEALEY,<br><br>    Plaintiff<br><br>v.<br><br>ALABAMA COUNCIL ON<br>HUMAN RELATIONS INC.,<br><br>    Defendant | Adv. Pro. No. 16-8037-WRS |

## MEMORANDUM DECISION

    This Adversary Proceeding is before the Court on Defendant's Offer of Judgment (Docs. 26, 27), Plaintiff's Motion for Additional Attorney Fees (Doc. 30), and Defendant's Response to the Motion for Additional Attorney Fees (Doc. 32). Plaintiff argues that she accepted Defendant's Rule 68 Offer of Judgment and is now entitled to recover additional attorney's fees pursuant to 11 U.S.C. § 362(k). For the reasons stated below, Plaintiff's response to the offer of judgment operates as a rejection because its language violates the mirror image rule of contracts. Therefore, judgement will not be entered in favor of Plaintiff and the motion for additional attorney fees will be denied.

-1-

# I. FACTS

Plaintiff Takisha R. Shealey ("Shealey" of "Plaintiff") filed this adversary proceeding on December 2, 2016, alleging that Defendant Alabama Council on Human Relations Inc. ("Defendant") violated the automatic stay afforded by 11 U.S.C. § 362(a) when it garnished funds from Shealey's wages after she filed a petition in bankruptcy. The complaint further requested this Court issue an injunction requiring Defendant to immediately cease future garnishments from Shealey's earnings. The answer filed by Defendant denied that any willful violation of the automatic stay occurred; nevertheless, in an apparent attempt to settle the dispute, Defendant made an offer of judgment to Plaintiff pursuant to Rule 68, Fed. R. Civ. P. Defendant's offers states as follows:

> "The Defendant, Alabama Council of Human Relations, Inc. offers to allow judgment to be taken against the Defendant herein by the Plaintiff for the sum of Eleven Thousand, Five Hundred and no/100 Dollars ($11,500)."

(Doc. 27). The certificate of service attached to the offer states that the offer was served on Plaintiff electronically and by U.S. mail on December 27, 2017.

On January 10, 2018, Plaintiff filed with this Court an Acceptance of Offer of Judgment, which, in pertinent parts, states as follows:

> "**COMES NOW** Plaintiff, Takisha R. Shealey, by and through the undersigned counsel, and hereby respectfully notifies this

Honorable Court that Plaintiff accepts Defendant's *Offer of Judgment* (See Exhibit "A", attached hereto) dated December 27, 2017, which states as follows:

**The Defendant, Alabama Council on Human Relations, Inc., offers to allow judgment to be taken against the Defendant herein by the Plaintiff for the sum of Eleven Thousand, Five Hundred and no/100 Dollars ($11,500.00).**

. . . Plaintiff will hereafter file a Motion for Attorney's Fees and Costs incurred with the prosecution of this litigation."

(Doc. 26) (emphasis in original).

Counsel for Plaintiff, Anthony B. Bush, filed a Motion for Attorney's Fees and Costs on January 23, 2018, requesting this Court award attorney's fees and costs in the amount of $6,459.42. (Doc. 30). Presumably in anticipation of the coming dispute, Bush provided argument to support the award of attorney fees after the acceptance of a Rule 68 offer that is silent as to costs and attorney's fees. In response to the motion and citing the pre-offer negotiations, Defendant requests that this Court find that the $11,500 Offer of Judgment includes attorney's fees. (Doc. 32). Alternatively, Defendant argues that this Court should not enter judgment as there was no meeting of the minds regarding the terms of the judgment. (Doc. 32).

## II. LAW

### A. Jurisdiction

This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and the District Court's General Order of Reference dated April 25, 1985. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). This is not a final order.

### B. Discussion

The question before the Court is whether Defendant's offer of judgment was validly accepted by Plaintiff. Rule 68 of the Federal Rules of Civil Procedure is applicable to this adversary proceeding pursuant to Rule 7068, Fed. R. Bankr. P. Rule 68(a) and (b) provides as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment. . . . If the judgment that the offeree

finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

The purpose of Rule 68 is to "encourage settlement and avoid litigation." *Marek v. Estate of Chesny*, 473 U.S. 1, 5 (1985). The plain purpose of the rule is achieved by its language in two manners. First, Rule 68 permits the defendant to make an offer that must be accepted or rejected by the plaintiff, there is no room for negotiation. *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). If an offer is accepted, the court must enter judgment in the plaintiff's favor. "The language contained in Rule 68 is mandatory; [a] court does not have the discretion to rule otherwise." *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997). Second, plaintiffs are encouraged to accept reasonable offers by Rule 68's "cost-shifting" provision, which requires a plaintiff to pay costs incurred after the offer if he fails to obtain at trial a judgment amount greater than the offer. *Utility Automation 2000*, 298 F.3d at 1239.

The sole requirement Rule 68 places on an offer of judgment is that the offer include "costs then accrued." *Id.*; Fed. R. Civ. P. 68(a). This mandate can be accomplished in two manners. First, the offer of judgment can explicitly state that it includes costs then accrued. *Marek*, 473 U.S. at 5. Second, if the offer does not state that costs are included or fails to specify an amount for costs, then the reviewing court is required by Rule 68 to "include in its judgment an additional amount [for costs] which is in its discretion." *Id.*

Typically, the American Rule applies when it comes to deciding which party pays attorney's fees incurred before the acceptance of a Rule 68 offer of judgment, which is to say that

each party pays their own attorney's fees. There are three exceptions to this general rule. First, the Rule 68 offer of judgment explicitly states that attorney's fees are included in the offer. *Marek* 473 U.S. at 5. In which case, the defendant pays attorney's fees if the offer is accepted by the plaintiff. Second, costs may include attorney's fees when the relevant substantive statute or other authority defines costs to include attorney's fees. *Id.* at 9. That is to say, unless the Rule 68 offer of judgment states otherwise, a plaintiff accepting a Rule 68 offer is entitled to attorney's fees as costs when permitted by applicable law. *Id.*; *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir. 1997). Lastly, unless stated otherwise in the offer, a plaintiff may recover attorney's fees when the relevant statute allows such fees, even when not defined as "costs" in the statute. *Utility Automation 2000, Inc.*, 298 F.3d at 1247.

Due to the unique facts of this case, this Court need not consider whether one of the exceptions listed above applies. Instead, as a result of the ambiguous language in the offer, the Court must apply general contract principles to determine whether Plaintiff validly accepted Defendant's offer of judgment. *Johnson v. Univ. College of Univ. of Ala.*, 706 F.2d 1205, 1209 (11th Cir. 1983). Plaintiff's acceptance of an offer must not violate the mirror image rule of contracts to be considered a valid acceptance. That is to say, the offeree must not change the material terms of the offer; otherwise, the response is deemed to be a rejection and a counteroffer. *Hall v. Integon Life Ins. Co.*, 454 So.2d 1338 (Ala. 1984); *Smith v. Chickamauga Cedar Co.*, 82 So.2d 200 (Ala. 1955). "Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse." *Utility Automation 2000*, 298 F.3d at 1240. Therefore, any acceptance violating the mirror image rule is a rejection of the offer of judgment.

-6-

Case 16-08037    Doc 35    Filed 05/18/18    Entered 05/18/18 14:37:35    Desc Main
Document    Page 6 of 8

In this case, the offer of judgment is ambiguous. The offer states as follows: "The Defendant, Alabama Council of Human Relations, Inc. offers to allow judgment to be taken against the Defendant herein by the Plaintiff for the sum of Eleven Thousand, Five Hundred and no/100 Dollars ($11,500)." The ambiguity arises when the Court considers what "judgment" entails—specifically, whether it includes attorney's fees. *See* 11 U.S.C. § 362(k). Generally, this Court would determine whether one of the three exceptions stated above applies. However, in this case, the Court need not consider the exceptions to resolve the ambiguity as the offer of judgment was not accepted due to a violation of the mirror image rule of contracts. In her response to the offer, Plaintiff attempts to accept the offer and simultaneously resolve the ambiguity in her favor by adding the following language: "Plaintiff will hereafter file a Motion for Attorney's Fees and Costs incurred with the prosecution of this litigation." (Doc. 26). Plaintiff's attempt to resolve the ambiguity violated the mirror image rule and operates as a rejection of Defendant's offer of judgment.

### III. CONCLUSION

Pursuant to Rule 68, Defendant made an offer of judgment in the amount of $11,500. In an attempt to resolve an ambiguity in the offer, Plaintiff's response violated the mirror image rule of contracts. Therefore, Plaintiff's response was not a valid acceptance of the offer of judgment. As the period for accepting the offer of judgment has already passed, Plaintiff is deemed to have rejected the Rule 68 offer.

Case 16-08037    Doc 35    Filed 05/18/18    Entered 05/18/18 14:37:35    Desc Main
Document    Page 7 of 8

For the foregoing reasons, judgment will not be entered in favor of Plaintiff. (Docs. 26, 27). The Court will set this Adversary Proceeding for a Scheduling Conference by way of a separate Order.

Done this 18th day of May, 2018.

*/s/ William R. Sawyer*

United States Bankruptcy Judge

c: Anthony B. Bush, Attorney for Plaintiff
   M. Joanne Camp, Attorney for Defendant